# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-434-MOC

| | |
|---|---|
| JAMES MEYER, | ) |
|       Petitioner, | ) |
| vs. | )   **ORDER** |
| UNITED STATES BUREAU OF PRISONS, et al., | ) |
|       Respondents. | ) |

**THIS MATTER** is before the Court on review of Plaintiff's *pro se* petition seeking habeas corpus pursuant to 28 U.S.C. § 2241, (Doc. No. 1).

*Pro se* Petitioner James Meyer is a federal inmate at Butner Federal Medical Center in Butner, North Carolina. He alleges that the Bureau of Prisons is wrongfully executing his fifteen-month sentence by purposefully depriving him of prescribed medical care including chemotherapy for diagnosed stage-IV cancer of the spine and a rare type of blood cancer. He seeks "Compassionate Releas[e]" and "house arrest/home confinement" for the remainder of his sentence to preserve his quality of life and prevent permanent irreparable damage, injuries, or death. (Doc. No. 1-1 at 14-16).

For the following reasons, the Court construes this action as a civil suit pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), and transfers it to the Eastern District of North Carolina where venue is more appropriate.

## I.    BACKGROUND

Petitioner pled guilty to a single count of obstruction of justice in criminal case number

1

3:16-cr-62-MOC. On August 23, 2016, the Court sentenced him to 15 months' imprisonment followed by two years of supervised release. (Crim. Case No. 3:16-cr-62-MOC-DSC-1, Doc. No. 30). The judgment, which was docketed on October 11, 2016, required Petitioner to self-surrender in accordance with the United States Marshal's instructions. (Id.).

On November 10, 2016, Petitioner filed a motion to stay his surrender which was scheduled for November 22, 2016, alleging that he was diagnosed shortly after sentencing with bone cancer that required treatment in his home state of California. (Id., Doc. No. 33). On November 18, 2016, the Court held a hearing and granted a 60-day stay during which time Petitioner was required to file updated medical reports through counsel. (Id., Doc. No. 38). Petitioner filed a second motion to stay on January 12, 2017, which the Court heard on January 18, 2017, and granted a second sixty-day stay during which Petitioner filed additional medical information. (Id., Doc. No. 45, 47, 49). The Government opposed further stay because the Bureau of Prisons indicated its ability to treat Petitioner's condition and, if it later determined it was unable to treat him, it could act accordingly. (Id., Doc. No. 50). The Court denied any further stay on March 28, 2017, because the Court had been assured that the Bureau of Prisons can accommodate Petitioner's medical needs at FMC-Butner. (Id., Doc. No. 51).

On July 18, 2017, Petitioner filed the instant *pro se* petition seeking habeas corpus pursuant to 28 U.S.C. § 2241 along with a memorandum seeking relief under "Rule 60(b), 60(b)(3), 60(b)(6), 60(d)(1) & (3), FRAUD ON THE COURT, and THE ALL WRITS ACT AUXILLIARY JURISDICTIONAL AID OF 28 U.S.C.S. § 1651(a) and (b)" and United States Sentencing Guidelines §§ 5H1.1 and 5H1.4. (Doc. Nos. 1, 1-1). He names as Respondents the United States Bureau of Prisons, the FMC Butner Medical Director, and FMC Butner Complex Warden J.C. Holland. He claims that the Court's March 28, 2017 "oral sentence" relied on untrue "binding

obligatory assurance" from the Government that the Bureau of Prisons can adequately treat Petitioner's medical conditions. (Doc. No. 1-1 at 1-2). He alleges that he is not receiving adequate medical treatment for his diagnosed cancers at FMC Butner. In a supplemental memorandum filed on August 3, 2017, he alleges that he had been transferred to Butner's non-medical low security compound, rather than the medical unit, indicating that Butner has no intention of treating him. (Doc. No. 2). In a second supplement filed on August 10, 2017, he provides additional exhibits supporting his petition. (Doc. No. 3). He seeks "Compassionate Releas[e]/Home Confinement" for the remainder of his sentence to preserve his quality of life and prevent permanent irreparable damage, injuries, or death. (Doc. No. 1-1 at 14-16).

II. **DISCUSSION**

Petitioner's claims have been liberally construed, Haines v. Kerner, 404 U.S. 519 (1972), so as to give effect to their substance rather than their form. See generally Castro v. United States, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.") Each of the grounds of relief that Petitioner appears to raise will be addressed in turn.

**A. Habeas Corpus**

Petitioner has entitled the instant action as one seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 in which he purports to attack the execution of the "oral sentence" that the Court imposed on March 28, 2017. (Doc. No. 1-1 at 1).

An inmate may bring a petition for writ of habeas corpus under § 2241 where he alleges he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a)(3). Examples of challenges to the execution of a federal sentence are the administration

3

of parole or sentence computation by prison officials. See, e.g., United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004). By contrast, a civil rights action is the proper method to challenge "the conditions of [a prisoner's] prison life, but not [] the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see Braddy v. Wilson, 580 Fed. Appx. 172 (4th Cir. 2014). Further, "a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008).

Petitioner's claim is premised on a faulty factual foundation insofar as the March 28, 2017, Order is not a "sentence." The March 28 Order denied Petitioner's continued motion to stay his surrender to the Bureau of Prisons, whereas his sentence was orally imposed on August 23, 2016, and was docketed on October 11, 2016. Petitioner fails to allege anything about the sentence itself that is being incorrectly implemented by the Bureau of Prisons. Moreover, even if Petitioner had raised a cognizable § 2241 claim, this Court is not the correct venue in which to raise it. Petitioner is incarcerated at FMC Butner which is located in Granville County in the Eastern District of North Carolina. Therefore, to the extent that Petitioner seeks relief under § 2241, it has to be brought in the Eastern District of North Carolina where he is incarcerated.[1]

**B. Civil Rights Action**

It appears that Petitioner is actually challenging the conditions of his confinement rather than the execution of his sentence. See Preiser, 411 U.S. at 499. Petitioner is a federal prisoner so these claims are appropriately brought as a civil suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), which is the federal equivalent of 42 U.S.C. § 1983. This action is therefore construed as a civil suit seeking relief from the conditions

---

[1] The Court has determined that this case should be transferred to the Eastern District of North Carolina for the reasons stated in Section B, *infra*, so dismissal of this claim is not warranted at this juncture.

of his confinement pursuant to Bivens. See Lee v. Winston, 717 F.2d 888, 891–92 (4th Cir.1983) (suit seeking to enjoin state officials from forcing defendant to undergo medical procedure was properly brought under civil rights statutes and not cognizable as a habeas petition); Strader v. Troy, 571 F.2d 1263, 1269 (4th Cir.1978) (holding petitioner's claim which did not relate to release from parole must be treated as suit under § 1983 not as a petition for habeas relief).

Under the general venue provision of 28 U.S.C. § 1391(b), a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled. 28 U.S.C. § 1391(c)(1). A business entity such as a corporation "shall be deemed to reside, if a Defendant, in any judicial district in which such Defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Even if the 28 U.S.C. § 1391(b) venue requirements are satisfied, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." In determining whether transfer is appropriate, courts commonly consider the following factors: (1) plaintiff's initial choice of the forum; (2) the relative ease of access to sources of proof; (3) availability of compulsory process for attendance of unwilling, and the costs of obtaining attendance of willing, witnesses; (4) possibility of view of premises, if view would be appropriate to the action; (5) enforceability of a judgment if one is obtained; (6) relative advantages and

obstacles to a fair trial; (7) all other practical problems that make a trial easy, expeditious, and inexpensive; (8) administrative difficulties of court congestion; (9) local interests in having localized controversies settled at home; (10) the appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the action; and (11) avoidance of unnecessary problems with conflict of laws. Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989); see also Duke Energy Fla., Inc. v. Westinghouse Elec. Co., 2014 WL 2572960 (W.D.N.C. Jun. 9, 2014).

Petitioner is incarcerated at FMC Butner, all of the incidents addressed in his "petition" occurred there, and the Warden and Medical Director are located there. It is appropriate under these circumstances for Petitioner's civil action to lie in the Eastern District of North Carolina. The Court finds it to be in the interest of justice and judicial economy to transfer this action directly to the correct forum in the Eastern District of North Carolina due to the allegedly urgent nature of the medical conditions at issue in this case.[2]

**C. Rule 60**

Petitioner cites Rule 60 of the Federal Rules of Civil Procedure under which he seeks relief from the Court's March 28, 2017, Order denying further stay of his surrender to the Bureau of Prisons.

Rule 60 provides for corrections of orders and relief from judgment under certain circumstances. However, Rule 60(b)(6) is a civil rule and therefore "simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); see United States v. Abney, 39 Fed. Appx. 12 (4th Cir. 2002) ("the Federal Rules of Civil

---

[2] The Court expresses no opinion regarding the merits or continued procedural viability of Petitioner's claims.

Procedure do not provide a vehicle by which [criminal defendant] may challenge his criminal judgment"); United States v. Gilyard, 2009 WL 3151855 (W.D.N.C. Sept. 24, 2009). Petitioner is thus unable to attack the Court's March 28 Order in his criminal case under Rule 60.

**D. All Writs Act**

Petitioner asks the Court to grant him extraordinary relief under the All Writs Act by incorporating United States Sentencing Guidelines §§ 5H1.1 and 5H1.4 into his sentence.

The Federal Rules of Civil Procedure have abolished several common law writs, including *audita querela* and *coram nobis*, as remedies in federal courts. Fed R. Civ. P. 60(e). However, the United States Supreme Court subsequently held that the All Writs Act, 28 U.S.C. § 1651(a), authorizes courts to hear petitions for writ of *coram nobis*. United States v. Morgan, 346 U.S. 502, 512 (1954). Therefore, "federal courts may properly fill the intestices of the federal post-conviction remedial framework through remedies available at common law," including writs of *coram nobis* and *audita querela*. Hanan v. United States, 402 F.Supp.2d 679, 683 (E.D. Va. 2005), *order aff'd by* 213 Fed. Appx. 197 (4th Cir. 2007).

A writ of *audita querela* is used to challenge a judgment that was correct at the time it was issued but which was rendered infirm by matters which rose after its issuance. United States v. Reyes, 945 F.2d 862, 863 n. 1 (5th Cir. 1991). The writ, if available, must be brought on "legal" rather than "equitable" grounds. Rawlins v. Kansas, 714 F.3d 1189, 1193 (10th Cir. 2013). "In other words, the petitioner must show that something like an intervening change in law … rather than simply argue that the collateral consequences of the conviction have turned out to be unduly harsh." Id. (citing United States v. Ayala, 894 F.2d 425, 429 (D.C. Cir. 1990)); see, e.g., Townsend v. United States, 38 F.Supp.2d 424 (D. Md. 1999) (the fact that the defendant had rehabilitated himself in prison raised no legal objection to his conviction and/or sentence and therefore was not

7

a ground for writ of *audita querela*). It is well settled that a petitioner may not obtain relief through a writ of *audita querela* when other avenues of relief are available, such as a motion to vacate under 28 U.S.C. § 2255. United States v. Sessoms, 2012 WL 5520311 (4th Cir. Nov. 15, 2012); see United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002).

As a remedy of last resort, the writ of error *coram nobis* is granted only where an error is "of the most fundamental character" and there exists no other available remedy. United States v. Mandel, 862 F.2d 1067, 1075 (4th Cir.1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, 556 U.S. 904 (2009) (quoting Morgan, 346 U.S. at 511). Thus, the writ provides relief in cases where the error "rendered the proceeding itself irregular and invalid." United States v. Addonizio, 442 U.S. 178, 186 (1979) (internal quotation marks and citation omitted) (superseded by statute on other grounds). A petitioner seeking this relief must show that "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).

Relief under the All Writs Act, whether pursuant to *audita querela* or *coram nobis*, is only available if no other avenue of relief exists. In the instant case, Petitioner may be able to seek relief pursuant to a Bivens civil suit. Other avenues of relief are available to Petitioner, and thus, no relief under the All Writs Act is warranted. Moreover, it is evident that no fundamental error exists in Petitioner's criminal case that would warrant *coram nobis* relief, and further he seeks relief on equitable rather than legal grounds so *audita querela* is also unavailable.

**E. Motion to Vacate**

Petitioner states in his *pro se* pleading that he is not attempting to attack his conviction in any way, however, he argues that his sentence should be recalculated or reduced. (Doc. No. 1-1 at 11).

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, the court was without jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, or the sentence is otherwise subject to collateral attack.

Petitioner has never filed a § 2255 motion to vacate in the underlying criminal case, and it does not appear that he is attempting to do so now, as he expressly states that he is not attacking his conviction and he does not argue that his sentence was imposed without jurisdiction, that it exceeds the statutory maximum, or that it is otherwise subject to collateral attack via § 2255. Therefore, the Court will not recharacterize the instant petition as a § 2255 motion to vacate.[3] If Petitioner wishes to do so, he should file such a petition on the correct form and explain why his conviction and/or sentence are amenable to a challenge pursuant to § 2255.

**F. Sentence Modification**

Petitioner appears to ask the Court to grant him compassionate release or a sentence reduction.

United States Code Title 18, Section 3582 provides that the court may not modify a term

---

[3] Even if the Court was inclined to recharacterize the instant petition as a § 2255 motion to vacate, it would first be required to notify Petitioner that recharacterization would render subsequent § 2255 motions subject to the law's "second or successive" restrictions. Castro, 540 U.S. at 377. Petitioner is cautioned that a one-year statute of limitations and other procedural requirements apply to § 2255 proceedings.

of imprisonment once it has been imposed except, *inter alia*: (1) upon motion of the Director of the Bureau of Prisons if it finds that "extraordinary and compelling reasons warrant such a reduction" and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission, or (2) in the case of a defendant whose sentencing range was subsequently reduced by the Sentencing Commission, upon its own motion or motion of the defendant or the Director of the Bureau of Prisons, after considering the factors set forth in § 3553(a), if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i), (c)(2).

First, compassionate release pursuant to § 3582(c)(1)(A) is unavailable because the Bureau of Prisons has not sought a reduction under that Section. "Courts may compel actions from the Government 'only if [it] owes [the movant] a clear nondiscretionary duty.'" United States v. Dowdell, 669 Fed. Appx. 662, 662 (4th Cir. 2016) (quoting Heckler v. Ringer, 466 U.S. 602, 616 (1984)). Federal law vests the Bureau of Prisons with discretion to seek a sentence reduction pursuant to § 3582(c)(1)(A). Id. The Bureau of Prisons' discretionary decision regarding whether or not to file a motion for compassionate release is therefore "judicially unreviewable." Crowe v. United States, 430 Fed. Appx. 484, 485 (6th Cir. 2011); see, e.g., Dowdell, 669 Fed. Appx. at 662 (affirming the district court's denial of a motion to compel the Bureau of Prisons to move for compassionate release pursuant to § 3582(c)(1)(A)). Therefore, there is no legal basis for the Court to grant Petitioner relief under § 3582(c)(1)(A) absent the Bureau of Prisons' motion, which it has chosen not to pursue in this case.

Second, there is no basis for relief under § 3582(c)(2). Petitioner argues that he should receive a sentence reduction pursuant to United States Sentencing Guidelines Amendment 386, and Guidelines §§ 5H1.1 and 5H1.4 (Doc. No. 1-2 at 13). However, that amendment predated

10

Petitioner's sentencing and therefore that amendment did not "subsequently reduce[]" Petitioner's sentencing range. 18 U.S.C. § 3582(c)(2). Therefore, § 3582(c)(2) is facially inapplicable to Petitioner's case and relief under that section is unavailable.

### III. CONCLUSION

It appears that the substance of Petitioner's *pro se* pleading is to challenge the conditions of his confinement which is most accurately characterized as a civil suit pursuant to Bivens. The proper venue for such a suit is the Eastern District of North Carolina rather than this Court. Therefore, for the reasons stated herein, this action will be construed as a civil rights action pursuant to Bivens and transferred to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk of this Court is hereby ordered to transfer this action to the Eastern District of North Carolina.

Signed: August 29, 2017

Max O. Cogburn Jr.
United States District Judge